UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARKWEST DEVELOPMENT, LLC,
a Michigan limited liability company,

        Plaintiff,                        Case No. 18-CV-10385

        v.                                  HON. GEORGE CARAM STEEH

SHIEKH ELLAHI, individually,

        Defendant.
_____/

## OPINION AND ORDER GRANTING MOTION TO INTERVENE (DOC. 12)

Plaintiff, Parkwest Development, LLC ("Parkwest") filed this action against Shiekh Ellahi to recover for breach of a lease. Non-party Sheikh Shoes, LLC, filed a motion to intervene, contending that Ellahi assigned the lease to it and that it has a damages claim against Parkwest. Having reviewed the parties' submissions, the court finds that the disposition of this matter would not be aided by oral argument. For the reasons explained below, Shiekh Shoes' motion is granted.[1]

---

[1] Although the parties have not addressed the issue, it appears that the addition of Shiekh Shoes as a party would not affect this court's subject matter jurisdiction, which is predicated on diversity. *See generally American Nat. Bank & Tr. Co. of Chicago v. Bailey*, 750 F.2d 577, 582 (7th Cir. 1984) (even if a non-diverse party "comes into the case by intervening in it, his presence will not deprive the court of jurisdiction unless the intervenor was an indispensable party when the complaint was filed."). The court will reserve decision on this matter until Shiekh Shoes files its initial pleading and alleges the citizenship of its members. *See Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009) ("[A] limited liability company has the citizenship of each of its members.").

## BACKGROUND FACTS

Parkwest and Ellahi entered into a commercial lease on July 1, 2012, for property in Detroit, Michigan. Parkwest alleges that Ellahi "deserted" the leased property in May 2016 and has failed to pay past due rent as well as rent accruing until the end of the lease term in 2022. Parkwest filed its initial complaint against Ellahi on February 1, 2018, and an amended complaint on March 13, 2018. In the amended complaint, Parkwest asserts claims for breach of lease, promissory estoppel, and account stated. Parkwest seeks $348,300 in damages.

In his answer to the complaint, Ellahi contends that he is not liable under the lease because he assigned the lease to Shiekh Shoes on January 1, 2014. *See* Pl.'s Ex. 4 (Assignment and Assumption Agreement). Shiekh Shoes operated a retail shoe business at the leased property from January 2014 until May 2016. According to Shiekh Shoes, the store was damaged in January 2016 when individuals attempting to access a neighboring store broke in and destroyed a wall. Shiekh Shoes contends that Parkwest is in breach of the lease because it refused to repair or pay for the damage. Shiekh Shoes asserts that, as a result of Parkwest's breach, it was unable to operate its business and has suffered damages.

## LAW AND ANALYSIS

Shiekh Shoes seeks to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), which provides:

> On timely motion, the court *must* permit anyone to intervene who:
>
> \*\*\*
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2) (emphasis added).

To intervene as a matter of right, proposed intervenors must establish the following elements: "(1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest." *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).

The parties do not dispute that Shiekh Shoes' motion to intervene is timely; the motion was filed May 1, 2018, within a relatively short time after Ellahi filed his answer on March 27, 2018, and the parties submitted their

Rule 26(f) discovery plan on April 24, 2018. Under the circumstances, the court agrees that the motion is timely.

The main point of contention is whether Shiekh Shoes has a "substantial legal interest" in this case. Although "there is no clear definition of what constitutes a litigable 'interest' for purposes of intervention," *Purnell v. City of Akron*, 925 F.2d 941, 947 (1991), the Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention as of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). For example, "an intervenor need not have the same standing necessary to initiate a lawsuit." *Id.* (citation omitted). The "interest" test "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (cited in Wright, Miller & Kane, 7C *Federal Practice & Procedure* § 1908.1 at 333-34).

Parkwest argues that Shiekh Shoes has no substantial legal interest in this matter because the assignment of the lease from Ellahi to Shiekh Shoes is not valid. Rule 24, however, does not require that the proposed intervenor conclusively establish its claim before intervention is allowed. By its terms, the rule applies to anyone who "claims" an interest in the action, and "a district court is required to accept as true the non-conclusory

allegations made in support of an intervention motion." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001) (citing cases reflecting the "unanimous precedent of our sister circuits that have considered the issue"). *See also Horrigan v. Thompson*, 145 F.3d 1331, 1998 WL 246008 at *2 (6th Cir. May 7, 1998) ("In determining whether intervention should be allowed, we 'must accept as true the non-conclusory allegations of the motion.'"). The merits of Shiekh Shoes' claim are appropriately considered in the context of a dispositive motion or trial, not a motion to intervene.

Shiekh Shoes, through the assignment, claims to be a party to the lease at issue in this case. *See* Pl.'s Ex. 4 (Assignment and Assumption Agreement). This alleged contractual interest satisfies the interest requirement. *See Davis v. Lifetime Capital, Inc.*, 560 Fed. Appx. 477, 495 (6th Cir. 2014) ("A definite property interest is more than this Circuit requires under the substantial interest prong."); *Berg*, 268 F.3d at 820 ("Contract rights are traditionally protectable interests.").

Shiekh Shoes must also show that its ability to protect its interest may be impaired in the absence of intervention. To satisfy this element, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Miller*, 103 F.3d at 1247. Shiekh Shoes claims that Parkwest is in breach of the

lease; to the extent the court adjudicates the rights and responsibilities of the parties under the lease without Shiekh Shoes, its interest may be impaired.

Shiekh Shoes must further establish that the existing parties before the court may not adequately represent its interest. The burden of establishing this element "is minimal because it is sufficient that the movant[] prove that representation may be inadequate. One is not required to show that the representation will in fact be inadequate." *Miller*, 103 F.3d at 1247 (citation omitted). Here, Ellahi may not adequately represent the interests of Shiekh Shoes. Although both disclaim liability under the lease for unpaid rent, only Shiekh Shoes seeks to assert a damages claim against Parkwest.

## CONCLUSION

For these reasons, the court finds that Shiekh Shoes has met the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a)(2). IT IS HEREBY ORDERED that Shiekh Shoes' motion to intervene is GRANTED.

Dated: August 1, 2018

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 1, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk